UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANNY PASTREICH, as trustee, and THE TRUSTEES OF THE BUILDING SERVICE 32BJ HEALTH FUND AND BUILDING SERVICE 32BJ SUPPLEMENTAL RETIREMENT AND SAVINGS PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> CSI CORPORATION OF DC, <br><br> Defendant. | 24-CV-6648 (RA) <br><br> MEMORANDUM <br> OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

This action was brought to recover delinquent employee benefit contributions, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3) & 1145. Plaintiffs, Manny Pastreich and the Trustees of the Building Service 32BJ Health Fund ("Health Fund") and Building Service 32BJ Supplemental Retirement and Savings Plan ("SRSP Fund") (collectively the "Funds"), are the trustees of employee benefit funds. They filed this action against Defendant CSI Corporation of DC ("CSI"), alleging that Defendant failed to make the required monetary contributions and reports in violation of their collective bargaining agreement, the Funds' rules and regulations, and ERISA. Defendant did not appear in the action, and default judgment was entered against it, ordering it to pay $65,731.18 in principal, interest, and liquidated damages, and to immediately upload all outstanding reports required for funding. Defendant has failed to comply with this Court's default judgment and Plaintiffs now move for imposition of civil contempt sanctions against Defendant CSI and its President, Johnetta Holland. For the following reasons, the motion is granted as to Defendant's failure to upload the remittance reports but otherwise denied. As to non-party Holland, it is denied in its entirety.

**BACKGROUND**

The Funds at issue are "employee benefit plans" and "multi-employer plan[s]" as defined by ERISA, which serve as a repository for monetary contributions from employers who are parties to collective bargaining agreements with the Service Employees International Union, Local 32BJ. Dkt. No. 1 ("Compl.") ¶ 4; Dkt. No. 23, Ex. 4 ("CBA"). The Funds are used for investment purposes and to provide health insurance and retirement benefits for eligible employees. Compl. ¶ 4. Covered employers are required to self-report contributions to the Funds via the Employer Self-Service System ("ESS"), and to then "promptly remit payment in ESS associated with this reporting." Compl. ¶ 8. In the Complaint, Plaintiffs allege that Defendant violated Section 301 of the LMRA and Section 515 of ERISA by: (1) failing to contribute to the Funds; (2) failing to report information on employee hours— which are necessary for calculating the precise contribution amount Defendant owes to the SRSP Fund—and employee terminations, which has resulted in the ongoing provision of health insurance to employees who may no longer be eligible; and (3) failing to enroll employees in ESS who may be entitled to health insurance and retirement benefits. *Id.* ¶¶ 9–10; 11–35.

In this action, Plaintiffs sought payment for all past due contributions amounting to $30,478.83, payment of all contributions which became due during the pendency of the action, accrued prejudgment interest, statutory damages on all contributions, liquidated damages, and reasonable attorney's fees and costs. They further requested that the Court order Defendant to upload the missing reports to ESS. *Id.* at 8–9.

Defendant never appeared or filed a response, and on January 16, 2025, the Court granted Plaintiffs' certificate of default. Dkt. No. 17. Shortly thereafter, Plaintiffs moved for default judgment, Dkt. No. 22 ("Mot. for Default Judgment"), seeking $52,730.81 in principal; $2,454.21 in interest; and $10,546.16 in liquidated damages for a total of $65,731.18, plus interest at the statutory rate in effect on the date of judgment, as well as immediate upload of "all outstanding remittance reports" in ESS. Dkt. Nos. 23 ("Bloom Aff."); 24 ("Proposed Default Judgment"). The Court held an order to show

cause hearing on April 10, 2025 and entered a default judgment in favor of Plaintiffs the next day, requiring immediate compliance by Defendant. Dkt. No. 27 ("Judgment").

On May 30, 2025, Plaintiffs filed the instant motion for civil contempt and sanctions, Dkt. No. 29 ("Mot. for Contempt"), alleging that since the issuance of the Judgment, "Defendant has, to date, not filed a single remittance report for those individuals Defendant has, itself, reported as eligible for benefit coverage" through the Funds, and has "made zero payments to the Funds for any contributions, despite the Funds providing benefit coverage to each of Defendant's self-reported employees in ESS." Dkt. No. 31 ("Murphy Aff."). Plaintiffs ask the Court to hold Defendant and its president Johnetta Holland in civil contempt and seek daily fines against both Defendant and Holland, along with the attorney's fees incurred in bringing this motion. Dkt. No. 30 ("Pls. Br.") at 1. For the reasons that follow, the Court grants the motion in part and denies it in part.

**LEGAL STANDARD**

"The Court's inherent power to hold a party in contempt is a necessary function for purposes of managing and maintaining order in the efficient and expeditious administration of justice." *Flaherty v. Filardi*, 2009 WL 3762305, at *4 (S.D.N.Y. Nov. 10, 2009). The Court "may hold a party in civil contempt for failure to comply with a court order if: (i) the order with which the party failed to comply is 'clear and unambiguous'; (ii) 'proof of noncompliance is clear and convincing'; and (iii) 'the party has not diligently attempted to comply [with the order] in a reasonable manner.'" *See United States v. Jiffy Cleaners of Hartsdale, Inc.*, 2020 WL 4284155, at *3 (S.D.N.Y. July 27, 2020) (quoting *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016)). A court order is considered clear and unambiguous "if it leaves no doubt in the minds of those to whom it was addressed . . . precisely what acts are forbidden." *Id.* Rule 70(e) of the Federal Rule of Civil Procedure, "provides a remedy of contempt if a party fails to comply with a judgment requiring the performance of a specific act." *Ecopetrol S.A. v. Offshore Exploration and Prod. LLC*, 172 F. Supp. 3d 691, 695 (S.D.N.Y. Mar. 28,

2016). "Ordinarily," however, "the equitable remedies provided under Rule 70 are not appropriate in enforcing a money judgment." *Id.* Instead, Rule 69(a) dictates that, with few exceptions that do not apply here, the "process to enforce a judgment for the payment of money" is a writ of execution rather than a motion for contempt. *Id.*

**DISCUSSION**

### I.     Civil Contempt Against Defendant

Plaintiffs move to hold Defendant in contempt for failure to satisfy the default judgment, citing the Court's "inherent power to enforce compliance with [its] lawful order[] through civil contempt." Pls. Br. at 6. Rule 70 states that "[i]f a judgment requires a party to . . . deliver a . . . document, or to perform any other specific act and the party fails to comply within the time specified," the Court may "hold the disobedient party in contempt" Fed. R. Civ. P. 70; *see Bd. of Trs. of Loc. 295/Loc. 851 – I.B.T. Emp. Grp. Pension Tr. Fund v. Hail Air Freight, Inc.*, 2008 WL 1758719, at *2 (S.D.N.Y. Apr. 16, 2008). Rule 70, however, does not apply to most money judgments. Instead, "[p]ursuant to Federal Rule of Civil Procedure 69(a)(1), money judgments are enforced by entry of judgment and writ of execution, not by a contempt order absent exceptional circumstances." *Frazier v. APM Fin. Servs., LLC*, 2015 WL 8483237, at *3 (D. Conn. Dec. 9, 2015); *see also Nykcool A.B. v. Pac. Fruit Inc.*, 2012 WL 1255019, at *8 (S.D.N.Y. Aug. 16, 2012). The Judgment in this case expressly directed performance of a specific act in addition to ordering Defendant to pay a sum of money. The Court thus grants Plaintiffs' motion for civil contempt as to Defendant's failure to upload the relevant reports, but denies it with respect to the money judgment of $65,731.18, which is more properly enforced through a writ of execution.

As to the finding of civil contempt, the Court concludes that all three requirements for issuing a civil contempt order are present. First, the Judgment clearly and unambiguously required Defendant to immediately upload all outstanding reports. *See* Judgment at 2; *see also Gucci Am., Inc. v. Lord & Taylor Ecomm LLC*, 2025 WL 2472822, at *2–3 (S.D.N.Y. Apr. 11, 2025). Second, there is clear and

4

convincing evidence of Defendant's noncompliance with the Court's Judgment. Plaintiffs attached automatically generated ESS reports to their motion for civil contempt, which illustrate Defendant's failure to report any hours for the SRSP Fund (the only fund that reporting is required for). *See* Murphy Aff. ¶¶ 7–8; Ex. A ("SRSP Fund Missing Hours Report"). Third, Plaintiffs allege that Defendant has not diligently attempted to comply with the order in a reasonable manner and that "Defendant stated they did not want to [upload said hours] because the Funds would then demand the requisite contributions." Murphy Aff. ¶ 6. Plaintiffs have "thus demonstrated with clear and convincing evidence that Defendant[] ha[s] failed to comply with the Court's Judgment, and ha[s] failed to make a good faith effort to comply with the Judgment." *Mingoia v. Crescent Wall Sys.*, 2005 WL 991773, at *3 (S.D.N.Y. Apr. 26, 2005). Accordingly, the Court finds Defendant to be in civil contempt with respect to its obligation to immediately upload all outstanding remittance reports as mandated by the Judgment.

## II.     Enforcing the Money Judgment

The remainder of the Court's order—which required Defendant to immediately pay Plaintiffs $65,731.18 in principal, interest, and liquidated damages—is properly deemed a money judgment, and "relief pursuant to Rule 70," including civil contempt and sanctions, "is unavailable." *Frazier*, 2015 WL 8483237, at *3; *Holiday Park Drive, LLC v. Newist Corp.*, 2025 WL 1708059, at *4 (E.D.N.Y. May 23, 2025), *report and recommendation adopted*, 2025 WL 1799538 (E.D.N.Y. June 30, 2025). "In the context of Rule 69 . . . a money judgment . . . consist[s] of two elements: (1) an identification of the parties for and against whom judgment is being entered, and (2) a definite and certain designation of the amount which plaintiff is owed by defendant." *Ecopetrol S.A.*, 172 F. Supp. 3d at 696. The Judgment in this case clearly consists of these two elements—it was awarded on behalf of Plaintiffs and against Defendant and defined a specific sum to be awarded to Plaintiffs. "Because the Judgment in this case is an ordinary money judgment, and because contempt power should not be used to enforce a money judgment," Plaintiffs' motion against Defendant as to the money judgment is denied. *Id.* at 698. To the extent Plaintiffs are asking the Court to exercise its discretion to invoke its contempt power,

it declines to do so as Plaintiffs "ha[ve] made no effort to show that" a writ of execution against Defendant would be fruitless. *Id.* ("[T]he Court, in the exercise of its discretion, would decline to issue a finding of contempt against [Defendant] at this time."). Plaintiffs' remedy lies in a writ of execution.

### III.    Civil Contempt Against Johnetta Holland

In addition to seeking a contempt order and sanctions against Defendant, Plaintiffs also argue that CSI's President, Johnetta Holland, is personally liable for Defendant's conduct. Pls. Br. at 7. It is true that "while a court's orders generally bind only the parties to an action, a nonparty may nevertheless be held in contempt if that individual affirmatively causes or facilitates a party's violation of a court order." *Soundkillers LLC v. Young Money Ent., LLC*, 2016 WL 4990257, at *4 (S.D.N.Y. Aug. 2, 2016), *report and recommendation adopted*, 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016). "Thus, the directors or officers of a corporation which is a party to an action may be held personally in contempt for aiding and abetting the corporation's noncompliance with a subpoena or court order, provided that these individuals have been served with process and that the Court has personal jurisdiction over them." *Id.*

Here, however, there are insufficient facts in the record to justify a finding that Holland should be held personally in contempt alongside Defendant. Plaintiffs make conclusory assertions that since "Holland is President of Defendant," she was "on notice of all developments in this litigation . . . and possesses the records necessary to upload her own employees' hours into ESS to allow the Funds to calculate the retirement benefits owed." Pls. Br. at 9. While CSI is a small corporation and that may well be a reasonable inference, Plaintiffs make no specific assertions as to whether Holland has the ability to effectuate compliance on behalf of Defendant, whether she has interfered with compliance, or whether Plaintiffs have even been in communication with her. In fact, this is the first mention of her in the course of this litigation. *Id.* at 7–9. Moreover, Plaintiffs have not established personal jurisdiction over Holland as they have not provided any information regarding her domicile or any specific acts.

6

Without more, the Court declines to hold Holland in contempt of court and to impose sanctions upon her at this time.

### IV.    Sanctions

Having found Defendant in civil contempt with respect to the equitable portion of the Judgment, the Court next considers the appropriate sanction. After a five-day grace period, Plaintiffs seek a coercive sanction of $250 per day fine, which increases to $500 per day after fifteen additional days, and to $1000 per day beginning on the thirty-first day of non-compliance. *Id.* at 29–30. The Court determines that this per diem schedule is reasonable.

"Federal courts have broad discretion to fashion remedies as equity requires, to ensure compliance with their orders." *Cordius Trust v. Kummerfeld Assocs.*, 658 F. Supp. 2d 512, 524 (S.D.N.Y. 2007). A coercive sanction, such as the one Plaintiffs have requested here seeks "to enforce compliance with an order of the court." *Jiffy Cleaners*, 2020 WL 4284155, at *5 (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)). "Before imposing sanctions on a person charged with civil contempt, due process requires that the person receive notice and an opportunity to be heard." *Z-International, Inc. v. Z Line Int'l, Inc.*, 2005 WL 1580609, at *4 (S.D.N.Y. July 6, 2025). Here, Plaintiffs' contempt motion "gave [Defendant] notice and an opportunity to be heard, and [it] failed to avail [itself] of these rights." *Id.* Additionally, before imposing sanctions, the Court must "provide the contemnor an opportunity to purge his contempt. In other words, the contemnor may free himself from the imposed sanction by committing an affirmative act, such as compliance with the order." *Jiffy Cleaners*, 2020 WL 4284155, at *5. Such sanctions must further account for the: "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." *Id.* (quoting *Capital Advisors, Inc. v. PT Bank Mutiara, Tbk*, 738 F. App'x 19, 22 (2d Cir. 2018) (summary order)). Ultimately, the sanction

must be "reasonable in relation to the facts." *Id* (quoting *N.Y.S. Nat'l Org. of Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989)).

The harm threatened by Defendant's ongoing non-compliance with the Court's Judgment is the continued depletion of the Funds, denial of health and retirement benefits to certain eligible employees, and the unwarranted provision of benefits to terminated employees. There is no reason to believe Defendant will not be persuaded by the daily accrual of fines. Finally, the Court is not in possession of any information suggesting that this imposition of sanctions would "wreak ruinous financial consequences" on Defendant. *Id.* at *6. Consistent with other courts in this Circuit, the Court thus adopts Plaintiffs' proposed per diem sanctions schedule. *See, e.g.*, *Pension Benefit Guar. Corp. v. Trees R' Us, Inc.*, 2023 WL 4564873 (E.D.N.Y. July 17, 2023) (imposing a daily fine of $250 for 10 days and $500 for 20 days in an ERISA action for failure to comply with the court's order to comply with a subpoena); *see also Rodriguez v. New Generation Hardware Store Corp.*, 2024 WL 140695 (S.D.N.Y. Apr. 2, 2024) (imposing a fine of $500 per weekday for one week and of $1000 per weekday until Defendant was in compliance).

## V.    Attorney's Fees

Plaintiffs also seek the attorney's fees incurred in bringing this motion. A district court "may award appropriate attorney fees and costs to a victim of contempt." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). "It is an open question in this Circuit whether a finding of willfulness or bad faith is required before a court may order attorneys' fees as a sanction for violating a court order," *Yimby, Inc. v. Fedak*, 2017 WL 2693719, at *6 (S.D.N.Y. June 22, 2017) (citing *Jacobs v. Citibank, N.A.*, 318 F. App'x 3, 5 n.3 (2d Cir. 2008) (summary order)), but here there is substantial support for concluding that Defendant's contempt is willful. Defendant had notice of the Court's Judgment, Dkt. No. 28 ("Notice of Entry of Judgment"), but has thus far failed to comply with it. Moreover, "[i]n prior conversations with Funds' staff" requesting that it upload the relevant hours, Defendant allegedly "stated they did not want to because the Funds would then demand the requisite contributions." Murphy

8

Aff. ¶ 6; *see also Bear U.S.A., Inc. v. Kim*, 71 F. Supp. 2d 237, 249 (S.D.N.Y. 1999) ("A willful contempt is one where the contemnor had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply."). Defendant's persistent noncompliance with this Court's Judgment, detailed above, amounts to willful conduct, and an award of Plaintiffs' attorney's fees associated with briefing the motion for contempt is appropriate.

## CONCLUSION

For the reasons set forth above, the Court finds Defendant to be in civil contempt pursuant to Rule 70 with respect to its failure to upload all outstanding remittance reports as outlined in the Judgment. The Court denies Plaintiffs' motion for civil contempt and sanctions with respect to the money judgment ordered by the Court and declines to find CSI President Johnetta Holland in civil contempt at this time. If Defendant has not uploaded the relevant reports within five days of service of this Order, Defendant shall pay a daily fine of $250 to Plaintiffs for the first fifteen days of noncompliance, followed by $500 per day fine between sixteen and thirty days, followed by a $1000 per day fine on the thirty-first day of non-compliance and every day thereafter.

The Court shall determine the reasonable amount of attorney's fees to be awarded after Plaintiffs submit documentation of those fees and costs within 60 days of this order.

Plaintiff is hereby ordered to serve this Memorandum Opinion & Order on Defendants by February 27, 2026 and promptly file proof on the docket. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 29.

SO ORDERED.

Dated:    February 24, 2026
          New York, New York

_____
Ronnie Abrams
United States District Judge

9